IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GARY OWEN KENDALL, )
 )
    Plaintiff, ) Case No. CV 06-491-S-EJL
 )
vs. ) **REPORT AND RECOMMENDATION**
 )
HUD, BOISE CITY, BOISE HOUSING )
AND COMMUNITY DEVELOPMENT, )
DAWN SANCHEZ, UNITED STATES )
OF AMERICA, )
 )
    Defendants. )
 )

Currently pending before the Court is Plaintiff's Petition for Order to Proceed In Forma Pauperis (Docket No. 2). The District Court has referred this action to the undersigned for all pretrial matters. (Docket No. 9). Accordingly, having carefully reviewed the record, and otherwise being fully advised, the following Report and Recommendation is entered pursuant to 28 U.S.C. § 636(b).

I.

BACKGROUND

On December 8, 2006, Plaintiff Gary Owen Kendall ("Plaintiff") filed a "Complaint of Conspiracy to Commit Deprivation of Civil Rights Under Color of Law, Complaint of Violations of Civil Rights, Complaint of Retaliations for filing Complaints." (Docket No. 1). Plaintiff alleges that he has made complaints to officials of the Department of Housing and Urban

REPORT AND RECOMMENDATION - 1

Development ("HUD") and Boise City Housing and Community Development ("Boise City Housing"), related to his tenancy in HUD sponsored housing managed by Boise City Housing, and that HUD and Boise City Housing have "conspired together and independently to prevent proper and timely investigation and resolution of said complaints." *Complaint*, p. 2 (Docket No. 1). Plaintiff also alleges that the "[f]ailures of HUD and [Boise City Housing] to mandate equality and civil rights has created a contentious and hostile living environment," and that he has "medical disabilities including extreme sleep problems and the need for a quiet sleep environment." *Complaint*, p. 2 (Docket No. 2).

Based on these and other allegations, Plaintiff brought this action against HUD, the United States, Boise City, Boise City Housing, and Dawn Sanchez, manager of Boise City Housing. *Id.* at p. 1. Plaintiff lists in his Complaint the specific statutes and regulation under which his claims are brought. *Id.* at p. 2. Plaintiff has requested that he be allowed to proceed with these claims without prepayment of fees. (Docket No. 2).

## II.

## IN FORMA PAUPERIS REQUEST

### A.   Standards of Law

The Court may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he possesses, and (2) that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a)(1). The required affidavit must state the nature of the action and the affiant's belief that he is entitled to redress. *Id.*

REPORT AND RECOMMENDATION - 2

**B.     Discussion**

Although Plaintiff did not file a document titled "affidavit" he filed a Statement in Support of Petition for Order to Proceed In Forma Pauperis (Docket No. 2-4) that includes a declaration, "under penalty of perjury," that the statements are "true and correct to the best of [Plaintiff's] knowledge." *Statement in Support*, p. 2 (Docket No. 2-4). In addition, the statement is notarized. *Id.* Similarly, a Cost of Living Statement (Docket No. 2-3) filed by Plaintiff contains a similar declaration. Under these circumstances, and considering that pro se pleadings must be liberally construed, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), the Court will consider the financial information contained in the sworn statements by Plaintiff, instead of requiring that the information be provided by affidavit.

Additionally, it is recommended that the District Court grant Plaintiff leave to proceed in forma pauperis, for the following reasons. Plaintiff stated that he is unemployed and receives income of only $881.00 per month for disability benefits, but spends it all on his monthly rent, food, laundry, telephone, vehicle, and other expenses. *Statement in Support*, p. 1 (Docket No. 2-4); *Cost of Living Statement*, p. 1 (Docket No. 2-3). Plaintiff's only asset is a 1978 Chevy Truck, which he values at $500.00, and he has significant debts. *Statement in Support*, p. 2 (Docket No. 2-4); *Cost of Living Statement*, p. 2 (Docket No. 2-3). Finally, Plaintiff has stated, as required by 28 U.S.C. § 1915(a)(1), that "because of [his] poverty, [he] is unable to pay the costs of said proceeding or give security therefore, and that [he] believe[s] that [he is] entitled to relief."[1] *Petition for Order to Proceed in Forma Pauperis*, p. 1 (Docket No. 2).

---

[1] Again, this statement was not made in an affidavit but was made "under penalty of perjury" and, on this basis, it is recommended that the District Court consider it.

REPORT AND RECOMMENDATION - 3

## III.

## REVIEW OF COMPLAINT

### A.      Standards of Law

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). A complaint or portion thereof should be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks and citation omitted).

In conducting this review, Plaintiff's pro se pleadings must be liberally construed and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). Additionally, if the Complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment"); *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002).

**B.     Title 18 Claims**

Plaintiff's reliance on Title 18 of the United States Code to assert claims in this action is misplaced. "Civil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997). *See also Lamont v. Haig*, 539 F. Supp. 552, 558 (W.D. S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action); *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action is inherent in federal criminal statutes defining civil rights violations); *Fiorino v. Turner*, 476 F.Supp. 962, 963 (D. Mass. 1979); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D. Cal. Aug. 20, 2001). For this reason, it is recommended that the District Court dismiss Plaintiff's claims that Defendants violated 18 U.S.C. §§ 241, 242, 245, 371. Because it is clear these claims cannot be saved by any amendment, *Schmier*, 279 F.3d at 824, it is recommended that they be dismissed without granting leave to amend.

**C.     42 U.S.C. §§ 1981, 1982**

Plaintiff also cites 42 U.S.C. §§ 1981 and 1982 as a basis for his claims against Defendants, but he does not allege that he is a member of a racial minority, a necessary element to support a claim under these statutes. *See White v. Washington Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) ("It is well settled that section 1981 only redresses discrimination based on plaintiff's race."); *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (explaining that "a racial impact need be shown" to establish a claim under section 1982); *Selden Apartments v. HUD*, 785 F.2d 152, 159 (6th Cir. 1986) (noting the

prima facie elements of sections 1981 and 1982 include that plaintiff be a member of a racial minority). For this reason, it is recommended that Plaintiff's claims under 42 U.S.C. §§ 1981 and 1982 be dismissed, with leave to amend if Plaintiff can properly allege that he is a member of a racial minority.

**D.**     **42 U.S.C. § 1983**

Plaintiff lists § 1983 as another statute supporting his claims.[2] "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)).

Section 1983 creates a cause of action for the vindication of federal rights, but is not itself an independent, substantive claim. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004); *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002) ("Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials."). Thus, an individual may recover under § 1983 only when his federal rights have been violated.

---

[2] Section 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... or other proper proceeding for redress." 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION - 6

Plaintiff's Complaint does not specify which of his civil rights were allegedly violated. For this reason, it is recommended that the District Court dismiss Plaintiff's § 1983 claim for failure to sufficiently allege that the Defendants deprived him of a right secured by the Constitution and laws of the United States, but allow Plaintiff an opportunity to amend his pleadings to correct this deficiency.

An additional reason for dismissing Plaintiff's § 1983 claims against Boise City and Boise City Housing is that, under § 1983, a municipality can only be held liable if the alleged deprivation of federal rights is caused by its own "custom, policy or practice." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). There are no allegations in Plaintiff's Complaint that Boise City or Boise City Housing followed any custom, policy, or practice that caused a deprivation of Plaintiff's rights. *See Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1178-79 (E.D.Cal. 2005) (granting defendant's motion to dismiss for failing to identify or define a policy of the municipality in the complaint). Although Plaintiff alleges that Boise City and Boise City Housing engage in "threats, intimidation, and coercion as a routine method of business," he does not explain how this business method deprived him of a federal right.[3] Accordingly, it is recommended that Plaintiff be granted leave to amend his pleading to correct this deficiency.

---

[3] To hold Boise City liable under § 1983, Plaintiff must show "(1) that he possessed a constitutional right of which he was deprived; (2) that the [City] had a policy; (3) that the policy 'amounts to deliberate indifference' to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citation and internal quotation marks omitted). There also must be a "direct causal link" between the policy or custom and the injury, and Plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." *Id.* (citation and internal quotations omitted).

REPORT AND RECOMMENDATION - 7

Finally, it is recommended that Plaintiff's § 1983 claim against the United States and HUD be dismissed, without leave to amend, because they are not considered to be persons acting under color of state law.[4]

### E.     42 U.S.C. § 1985

Section 1985(3) provides a cause of action if two or more persons conspire to deprive a person or class of person of the equal protection of the laws.[5]  To bring a cause of action successfully under § 1985, Plaintiff must demonstrate a deprivation of a right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[6] *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotation marks omitted); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir.

---

[4] Additionally, any claim against a HUD agent would be potentially viable only under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and not § 1983. Provisions of the U.S. Constitution setting forth individual rights generally also empower individuals to sue federal officers for violations of these rights, particularly if the relief sought is injunctive. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949); *see also Bivens*, 403 U.S. 388. The analysis of actions brought pursuant to § 1983 and under *Bivens* are identical. *Van Strum v. Lawn*, 940 F.2d 406, 409-10 (9th Cir. 1991).

[5] Although the Plaintiff has not identified under what section the § 1985 claim is brought, only § 1985(3) appears to apply. Section 1985(1) concerns a conspiracy to prevent an officer from performing duties, and § 1985(2) concerns a conspiracy to obstruct justice or intimidate a party, witness, or juror.

[6] In order to state a claim upon which relief can be granted under Section 1985(3), a plaintiff must allege the following four elements:
> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828-29(1983).

1990). "[P]laintiff must be a member of the class discriminated against." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).

Plaintiff has not alleged specifically what right he was deprived of, or that Defendants' actions were motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Sever*, 978 F.2d at 1536 (internal quotation marks omitted). For this reason, it is recommended that the District Court dismiss Plaintiff's § 1985 claim, with leave to amend.

### F.     42 U.S.C. § 1986

As for § 1986, a prerequisite of an action under this section is that there be a valid claim under § 1985. In other words, there can be no claim under § 1986 unless there is a valid § 1985 claim. *See Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981); *see also Guillory v. St. Landry Parish Police Jury*, 802 F.2d 822, 825 (5th Cir. 1986), *cert. denied*, 107 S.Ct. 3190 (1987). Accordingly, it is recommended that the District Court dismiss Plaintiff's § 1986 claim, with leave to amend.

### G.     Title VI Claims

Section 601 of Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d; *see also* 42 U.S.C.A. § 2000a-2 (referring to other sections of the statute that refer to "race, color, religion, or national origin"). Section 601 reaches a wide range of discriminatory practices, and it has been applied to discrimination in the administration of public

REPORT AND RECOMMENDATION - 9

housing. *See, e.g., Hills v. Gautreaux*, 425 U.S. 284, 296 (1976). However, because Plaintiff has not alleged that he has been discriminated against "on the ground of race, color, religion, or national origin," it is recommended that his Title VI claims be dismissed, with leave to amend.

Additionally, the regulation cited by Plaintiff in support of his Title VI claim, 24 C.F.R. § 1.7(b), relates to the "effectuation of Title VI of the Civil Rights Act of 1964" and, therefore, should be dismissed for the same reason as Plaintiff's Title VI claims. *See* 24 C.F.R. § 1.4(a) (providing that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity to which this Part 1 applies"). Although section 1.7(b) allows "[a]ny person who believes himself or any specific class of persons to be subjected to discrimination prohibited . . . may by himself or by a representative file with the responsible Department official or his designee a written complaint," there are no allegations in the Complaint of discrimination against any individual on the basis of race, color, or national origin.

## H.     Claims Seeking Monetary Damages From the Federal Government

Notwithstanding Plaintiff's right to amend his Complaint as set forth above, to the extent Plaintiff seeks an award of monetary damages from HUD and the United States based on civil rights allegations, it is recommended that his claims be dismissed as barred by the doctrine of sovereign immunity.  The federal government and its agencies are immune from suit absent a waiver of sovereign immunity. *See e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (citation omitted); *Keesee v. Orr*, 816 F.2d 545, 547 (10th Cir. 1987); *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706 F.2d 471, 473-74 (4th

REPORT AND RECOMMENDATION - 10

Cir. 1983). The doctrine of sovereign immunity bars direct constitutional actions against federal agencies as well as constitutional tort actions against federal agencies. *See Bivens*, 403 U.S. 388; *Biase v. Kaplan*, 852 F. Supp. 268, 279 (D. N.J. 1994). Thus, it is recommended that Plaintiff's claims for monetary damages against the United States and HUD be dismissed.

## I.     Request for Stay

Plaintiff seeks "an immediate stay of all legal action – including eviction process – to be issued against Boise Housing and Community Development." *Complaint*, p. 1 (Docket No. 1). This Court does not have the authority to enjoin state court eviction proceedings. Under the Anti-Injunction Act, a federal court can enjoin state court proceedings only in limited circumstances not present here. Specifically, "[a] Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2006); *Duffy & McGovern Accommodation Servs. v. QCI Marine*, 448 F.3d 825 (5th Cir. 2006). Because none of the statute's exceptions apply here, it is recommended that Plaintiff's request to enjoin any state court proceedings be dismissed, without leave to amend.

## IV.

## CONCLUSION

Although Plaintiff's Complaint has been liberally construed, and all of the statutes and regulations cited by him have been considered, Plaintiff is reminded that it is not "the proper function of the . . . court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For that reason, the Court has not "construct[ed]

REPORT AND RECOMMENDATION - 11

arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

Additionally, although leave to amend has been granted, the Court has not specifically advised Plaintiff how to cure the defects in his Complaint because this type of advice would undermine the Court's role as an "impartial decisionmaker[]." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez v. Smith*, 203 F.3d 1122, at 1131 n.13 (9th Cir. 2000) (declining to decide whether the court was required to inform a litigant of deficiencies). Should Plaintiff choose to amend his Complaint, he must do so within thirty (30) days of the District Court's Order on this Report and Recommendation and he must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference because an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent, *Ferdik*, 963 F.2d at 1262, and any cause of action that was raised in the original complaint is waived if not raised in the amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

V.

### RECOMMENDATION

Based on the foregoing, it is recommended that the District Court (1) grant Plaintiff's Petition for Order to Proceed In Forma Pauperis (Docket No. 2), and (2) dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend as set forth more particularly

above. It is further recommended that Plaintiff be required to file any amended Complaint within thirty (30) days of the District Court's Order on this Report and Recommendation and, if Plaintiff does not file an amended complaint within this time period, that this action be dismissed without further notice.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1. If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED: **April 13, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

REPORT AND RECOMMENDATION - 13